STOUTENBURGH, DAY AND COMPANY v. PECK, PIERSON AND COMPANY, and AARON PECK.

The general rule is, that an injunction properly granted, will not be dissolved till all the defendants have answered.

It is the duty of the complainant to take the requisite steps to compel an answer from all the defendants, and if he neglect to do so, the injunction may be dissolved though a part only of the defendants have answered.

If the defendant, upon whom rests the *gravamen* of the charge, answers, denying the whole equity of the bill as against him, the injunction will be dissolved.

BILL for an injunction to restrain proceedings at law, filed on the sixth of June, eighteen hundred and forty-two, and an injunction issued. Answer by part of the defendants. Motion to dissolve the injunction upon the denial of the equity of the bill by the answer. Hearing at April term, eighteen hundred and forty-four.

*O. S. Halsted* and *I. H. Williamson*, for Peck, Pierson and Company, in support of the motion.

*A. C. M. Pennington* and *W. Pennington*, contra.

Cases cited by defendants' counsel: 2 *John. Chan.* 202; 1 *Hopkins*, 147; 1 *John. Chan.* 108; 1 *Green's Chan.* 192, 452; 6 *Vesey*, 678, 680; 14 *Con. Eng. Chan.* 799; 1 *John. Chan.* 302, 148; *Wyatt's Pr. Reg.* 234.

THE CHANCELLOR. The complaint of the bill is, that the defendants, Peck, Pierson and Company, have sued the complainants at law, upon two promissory notes given by the complainants, and of which the defendant, Aaron Peck, by an arrangement between him and the complainants, was bound to pay three-fourths.

That the notes really belong to Aaron Peck, who is prosecuting them in the name of Peck, Pierson and Company, for his

benefit ; or if the notes belong to Peck, Pierson and Company, they took them after maturity, with full knowledge of the equity existing against Aaron Peck, and without consideration, and hold the notes subject to all the the equities existing against Aaron Peck. An injunction was prayed and granted, to stay proceedings at law.

The defendant, Aaron Peck, has not answered, and this is objected as a reason why the injunction should not be dissolved.

The bill was filed June the sixth, eighteen hundred and forty-two, and the complainants have had a year and ten months in which to procure the answer, and if they have neglected it, they should not set up the want of the answer against those defendants who have answered, and have no power to compel their co-defendant to answer. The complainants should have taken the requisite steps with all diligence to compel the answer : *Depeyster* v. *Graves and others*, 2 *John. Chan. R.* 148.

Again. The general rule is, that an injunction properly granted will not be dissolved till all the defendants have answered.

" If there be two defendants, the court will not ordinarily dissolve the injunction till both have answered." *Wyatt's Pr. Register*, 234.

" But the rule has exceptions, and is subject to discretion and modification." One of the exceptions is in favor of him on whom the real *gravamen* rested, and who has fully answered. *Depeyster* v. *Graves and others*, 2 *John. Chan. Rep.* 149 ; *Joseph* v. *Doubleday*, 1 *Vesey and Beame*, 497 ; *Eden on Injunction*, 115 ; 1 *Story's Eq.*

Now, here the *gravamen* is upon Peck, Pierson and Company ; upon their answer depends the right of the complainants to have the injunction continued or dissolved.

Aaron may have answered and admitted the equity of the complainants' bill as against him ; and yet, if the defendants,

[Stoutenburgh, Day & Co. v. Peck, Pierson &' Co.]

Peck, Pierson and Company, deny all the equity as against them, the injunction must be dissolved.

The question then is, have the defendants, Peck, Pierson and Company, fully answered and denied all the equity against them.

They deny all knowledge of any obligation on the part of Aaron, to pay any part of the notes; and allege that they received one of the notes from Aaron, for the consideration of the whole amount due upon it, paid by them to him in money before its maturity, in the fair course of trade; and that they are the *bona fide* holders of it.

That being the indorsers of the other note, at the request and for the accommodation of Aaron Peck, they took it up from Bullock, Lyman and Company, to save a prosecution, by giving their own notes, indorsed by these complainants; and that they have since paid the notes so given for it.

That they received the last note after maturity, and are now the *bona fide* holders of it.

That the suit is brought in their name and for their use, and not for the use or benefit of Aaron.

I am satisfied that this is a full, fair and unequivocal denial of all the equity of the bill charged against these defendants, and that the injunction should be dissolved, with costs.

Order accordingly.